**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Despain, | No. CV-15-08294-PCT-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| BNSF Railway Company, | |
| Defendant. | |

In 2010, Gary Despain filed a complaint with the Secretary of Labor against his employer, BNSF Railway Company ("BNSF Railway"), alleging retaliation in violation of the Federal Railroad Safety Act. Five years later, the Secretary still had not reached a final decision. Despain then brought this action pursuant to the Act's "kick-out" provision, which authorizes an "original action" in federal district court for "de novo review" in cases where the Secretary has not reached a final decision within 210 days. 49 U.S.C. § 20109(d)(3). BNSF Railway contends Despain's action is untimely under the federal "catch-all" four-year statute of limitations. 28 U.S.C. § 1658(a). Whether the catch-all limitations period applies to the Federal Railroad Safety Act's kick-out provision appears to be a question of first impression, though a few courts have addressed whether the limitations period applies to a very similar statute. BNSF Railway's Motion to Dismiss (Doc. 9) on that ground will be denied for the reasons that follow.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. The motion may be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint need include "only enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

All allegations of material fact are assumed to be true and construed in the light most favorable to the non-moving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, that does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the running of the statute of limitations is apparent on the face of the complaint, dismissal is appropriate. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006).

## I. RELEVANT STATUTES

### A. Federal Railroad Safety Act

Congress enacted the Federal Railroad Safety Act in 1970. Pub. L. No. 91-458, 84 Stat. 971. The Act's self-declared purpose was "to promote safety in all areas of railroad operations and to reduce railroad-related accidents" and injuries. *Id.*, § 101, 84 Stat. at 971. After enactment, Congress noted that railroad workers who complained about safety conditions often suffered retaliation. *See Consol. Rail Corp. v. United Transp. Union*, 947 F. Supp. 168, 171 (E.D. Pa. 1996). Thus, in 1980, Congress added an anti-retaliation provision, prohibiting railroad carriers from discriminating against employees who report safety violations or who refuse to work under hazardous conditions. Federal Railroad Safety Authorization Act of 1980, Pub. L. No. 96-423, § 10, 94 Stat. 1811, 1815. Retaliation claims were to be resolved in accordance with arbitration procedures set forth in the Railway Labor Act. *Id.*; *see Norfolk S. Ry. Co. v. Solis*, 915 F. Supp. 2d 32, 36–37 (D.D.C. 2013).

In 2007, Congress amended the anti-retaliation provision to include additional categories of protected conduct. *See* Implementing Recommendations of the 9/11 Commission Act, Pub. L. No. 110-53, § 1521, 121 Stat. 266, 444–46. Thus, for example, now a railroad carrier may not discriminate against an employee who notifies the carrier of a work-related injury. 49 U.S.C. § 20109(a)(4).

The 2007 amendments also established a new enforcement process, with multiple levels of administrative review and an option to switch over to judicial review. *See* Pub. L. No. 110-53, § 1521, 121 Stat. at 446–47. The process is set forth in 49 U.S.C. § 20109(d) under the heading "Enforcement action." Under subsection (d)(1), an employee alleging retaliation must first file a complaint with the Secretary of Labor:

> **(d) Enforcement action.**—
>
> **(1) In general.**—An employee who alleges discharge, discipline, or other discrimination in violation of subsection (a), (b) or (c) of this section, may seek relief in accordance with the provisions of this section, with any petition or other request for relief under this section to be initiated by filing a complaint with the Secretary of Labor.

49 U.S.C. § 20109(d)(1). Subsection (d)(2) incorporates the administrative procedures governing whistleblowing airline employees, 49 U.S.C. § 42121(b), and states a 180-day statute of limitations for filing the complaint:

> **(2) Procedure.—**
>
> **(A) In general.**—Any action under paragraph (1) shall be governed under the rules and procedures set forth in section 42121(b), including:
>
> …
>
> **(ii) Statute of limitations.**—An action under paragraph (1) shall be commenced not later than 180 days after the date on which the alleged violation of subsection (a), (b) or (c) of this section occurs.

…

49 U.S.C. § 20109(d)(2).

Under this procedure, the Secretary must investigate and determine whether there is "reasonable cause to believe" that the employee's complaint has merit. 49 U.S.C. § 42121(b)(2)(A). If reasonable cause exists, the Secretary must issue a "preliminary order" awarding the employee relief. *Id.* Either party may object to the preliminary order. *Id.* If there is no objection, the order becomes "final"; otherwise, an Administrative Law Judge ("ALJ") must conduct a de novo hearing on the record. *See id.*; 29 C.F.R. § 1982.107(b). The ALJ's decision becomes the Secretary's "final" decision unless a party petitions for, and obtains, review by the Administrative Review Board. 29 C.F.R. §§ 1982.109(e), 1982.110(b). In that event, the Board's decision is "final." 29 C.F.R. § 1982.110(c).

However, if the agency does not reach a final decision within 210 days of the filing of the complaint and the delay is not due to the employee's bad faith, the employee then has an option to bring an "original action" for "de novo review" in federal district court with respect to the complaint he filed with the Secretary:

> **(3) De novo review.**—With respect to a complaint under paragraph (1), if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee, the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury.

49 U.S.C. § 20109(d)(3). This option is known as the Act's "kick-out" provision. *See, e.g.*, *Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 636 (4th Cir. 2015). Once an employee exercises this option by filing in district court, the Secretary loses jurisdiction of the controversy. *See Stone v. Duke Energy Corp.*, 432 F.3d 320, 322–23 (4th Cir. 2005)

(interpreting analogous provision in the Sarbanes-Oxley Act). If the agency reaches a final decision before such removal, the employee can then appeal to the federal court of appeals for limited review under the standards of the Administrative Procedures Act:

> **(4) Appeals.**—Any person adversely affected or aggrieved by an order issued pursuant to the procedures in section 42121(b), may obtain review of the order in the United States court of appeals for the circuit in which the violation, with respect to which the order was issued, allegedly occurred or the circuit in which the complainant resided on the date of such violation. The petition for review must be filed not later than 60 days after the date of the issuance of the final order of the Secretary of Labor. The review shall conform to chapter 7 of title 5. The commencement of proceedings under this paragraph shall not, unless ordered by the court, operate as a stay of the order.

49 U.S.C. § 20109(d)(4).

The 2007 amendments "enhance[] administrative and civil remedies for employees." H.R.Rep. No. 110-259 at 348 (2007). In particular, the kick-out provision creates a "'safety valve' to ensure that claims brought within the Department of Labor are processed within a reasonable time." *Gonero v. Union Pac. R. Co.*, No. CIV. 2:09-2009 WBS JFM, 2009 WL 3378987, at *6 (E.D. Cal. Oct. 19, 2009). If the agency delays too long, the employee may opt out of agency proceedings and transfer to district court. Like the ALJ, the district court reviews the preliminary order de novo, can take new evidence, determines facts (or charges a jury with that task), and reaches conclusions of law. The final ruling, whether made by the agency or in district court, is reviewable only in the federal court of appeals.

### B.     Federal Catch-All Statute of Limitations, 28 U.S.C. § 1658

Before 1990 there was no uniform statute of limitations for federal statutory causes of action. This void "spawned a vast amount of litigation." *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377 (2004). The settled practice was to adopt a

local time limitation as federal law, which "generated a host of issues that required resolution on a statute-by-statute basis." *Id.* at 377–78.

Congress responded to this problem in 1990 by enacting 28 U.S.C. § 1658, entitled "Time limitations on the commencement of civil actions arising under Acts of Congress." *See* Judicial Improvements Act of 1990, Pub. L. No. 101-650, § 313, 104 Stat. 5089, 5114–15. The statute establishes a default four-year limitations period for federal statutory claims:

> **(a)** Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues.

28 U.S.C. § 1658(a). This default limitations period applies only to claims arising under statutes enacted after December 1, 1990. *Jones*, 541 U.S. at 380.

In 2002, Congress added a subsection to the statute. *See* Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, § 804(a), 116 Stat. 745, 801. The subsection establishes a stricter limitations period for federal securities fraud claims:

> **(b)** Notwithstanding subsection (a), a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47)), may be brought not later than the earlier of—
>
> **(1)** 2 years after the discovery of the facts constituting the violation; or
>
> **(2)** 5 years after such violation.

28 U.S.C. § 1658(b).

## II. FACTUAL ALLEGATIONS ASSUMED TRUE

The following allegations are presumed true at this stage. Despain began working for BNSF Railway in 1978. (Doc. 1 at ¶ 7.) On March 28, 2010, he suffered an injury on the job, which he promptly reported to BNSF Railway. (*Id.* at ¶¶ 8–11.) On April 13, 2010, BNSF Railway issued Despain a disciplinary letter charging him with being dishonest about his injury. (*Id.* at ¶ 12.)

On April 23 or May 20, 2010, Despain filed a complaint with the Secretary of Labor against BNSF Railway, alleging retaliation in violation of the Federal Railroad Safety Act. (*Compare* Doc. 1 at ¶ 16 *with* Doc. 1 at 7.) The following month, BNSF Railway terminated Despain. (*Id.* at ¶ 13.) BNSF Railway later reinstated him but continued to treat him unfavorably. (*Id.* at ¶¶ 14–15.)

The Secretary then made an investigation. (*Id.* at ¶ 17.) Despain cooperated fully and in good faith. (*Id.*) On July 17, 2015, the Secretary found reasonable cause to believe BNSF Railway violated the Act and issued a preliminary order awarding $172,994.88 in lost wages, $57,948.46 in compensatory damages, and $50,000 in punitive damages, plus interest and attorney's fees. (*Id.* at 7–13.) Five days later, BNSF Railway objected to the preliminary order and requested a de novo hearing on the record before an ALJ. (Doc. 15-1 at 4–5.)

On November 13, 2015, before the ALJ reached a decision, Despain filed a Notice of Intent to file an original action in federal district court pursuant to 49 U.S.C. § 20109(d)(3). (Doc. 1 at 17–18.) On December 10, 2015, Despain filed this action. (Doc. 1.) On December 18, 2015, the ALJ found the Secretary's delay in issuing a final decision was not due to bad faith on Despain's part and he had "not waived his right to remove the case to federal district court." (Doc. 15-1 at 7.) The ALJ also found Despain's complaint in this Court is "based on the same facts that constituted his action" before the ALJ and he therefore dismissed the administrative action for lack of jurisdiction. (*Id.* at 7-8.)

BNSF Railway now moves to dismiss Despain's action in this Court as time-barred under the four-year catch-all statute of limitations, 28 U.S.C. § 1658(a).  (Doc. 9.)

### III. THE FOUR-YEAR CATCH-ALL LIMITATION, 28 U.S.C. § 1658, DOES NOT APPLY TO ACTIONS IN DISTRICT COURT UNDER THE FEDERAL RAILROAD SAFETY ACT'S KICK-OUT PROVISION, 49 U.S.C. § 20109(d)(3).

Despain filed his complaint with the Secretary of Labor pursuant to 49 U.S.C. § 20109(d)(1).  As noted, the catch-all statute, 28 U.S.C. § 1658(a), applies only in the absence of other limitations periods ("[e]xcept as otherwise provided by law").  As also noted, actions before the Secretary under 49 U.S.C. § 20109(d)(1) are governed by a 180-day statute of limitations.  49 U.S.C. § 20109(d)(2)(ii).  Thus, the catch-all limitations period does not apply to those actions.  BNSF Railway does not contend otherwise.  Despain timely filed his complaint with the Secretary within 180 days.

BNSF Railway argues that, though the 180-day limitation was satisfied for Despain's complaint to the Secretary under § 20109(d)(1), the four-year catch-all limitations of 28 U.S.C. § 1658(a) independently limits Despain's original action in district court under the Act's kick-out provision, § 20109(d)(3).  On that view, this action was permitted after the administrative action was pending 210 days but was then prohibited four years later, even though the administrative action was still pending.

This argument fails for several reasons.  The action in district court "[w]ith respect to a complaint under paragraph (1) [before the Secretary]" is essentially a continuation of the action before the Secretary and therefore requires no additional limitations period.  Indeed, adding a limitations period would serve no purpose and would in fact defeat Congress's specific purpose in allowing employees to transfer stagnant retaliation proceedings from the agency to district court.  Even if the court action is separate from the agency action, the catch-all limitation would not apply because the court action is available as long as, and only as long as, the agency fails to reach a final decision.

### A. A district court action under the kick-out provision is essentially a continuation of the pending agency action and therefore governed by the already-satisfied 180-day limitations period.

An action in district court under the Federal Railroad Safety Act's kick-out provision is dependent on, and replaces, a timely commenced action before the Secretary. The "original action" authorized by the provision is not a review of final agency action; rather, it requires the district court to step into the place of the agency to continue the pending "de novo review" of the very same "complaint" that the employee brought to the agency. 49 U.S.C. § 20109(d)(3). Because the action is substantively the same whether in the agency or in court, only one limitations period applies: the 180-day period governing the employee's initial filing, 49 U.S.C. § 20109(d)(2)(ii).

Treating the court action as a continuation of the agency action makes sense for limitations purposes. Statutes of limitations are "primarily designed to assure fairness to defendants. Such statutes 'promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost . . . .' Moreover, the courts ought to be relieved of the burden of trying stale claims when a plaintiff has slept on his rights." *Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 428 (1965) (quoting *Order of R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342, 348–49 (1944)). Despain's claims in this court did not "surprise" BNSF Railway because the parties had been litigating these claims at the agency level for years. Nor did Despain "sleep on his rights" during that time. Any loss of evidence would lie entirely at the feet of the Secretary. Thus, imposing a separate limitations period on Despain's court action would not advance traditional limitations policies.

In fact, a separate limitation here would only defeat the purpose of the Federal Railroad Safety Act's kick-out provision. Congress decided, in a comprehensive statutory scheme, to allow reassignment of review of employees' claims in the event of agency delay. It is nonsensical to infer, from a different statute, that *more* agency delay

somehow defeats the reassignment. That would be like a court dismissing a timely claim on the ground that the court itself failed to grant relief within some arbitrary time limit.

BNSF Railway argues that, because the district court proceeding is an "original action," it needs a statute of limitations in addition to that of the administrative proceeding which it replaces. This argument misses the forest for the trees. Although statutory analysis often begins with the common meaning of words in isolation, words ultimately derive meaning from context. Here, context is essential. Under the kick-out provision, Despain seeks an "original action at law or equity for de novo review" of an agency's preliminary order, in place of pending higher agency review. 49 U.S.C. § 20109(d)(3). The provision's defining first phrase is that the original action is "[w]ith respect to a complaint under paragraph (1) [a complaint filed with the Secretary]." The ALJ aptly described the provision as conferring a "right to remove the case to federal district court." (Doc. 15-1 at 7.) Thus, Congress's purpose and intended remedy are clear. It should not matter whether Congress used the term "removal" or "original action." BNSF Railway's out-of-context reading of a few words would significantly defeat that remedy's reach. It is erroneous.

### B. Even if a district court action under the kick-out provision is separate from the pending agency action, the catch-all limitations period would not apply.

Suppose BNSF Railway is correct that the Federal Railroad Safety Act's kick-out provision authorizes an action meaningfully distinct from the agency proceeding it replaces. Such actions still would not be governed by the federal catch-all limitation, for two related reasons.

First, actions under the kick-out provision do not need a limitations period because they are available as long as the conduct that occasions them continues. The provision authorizes employees to transfer their complaint to district court in the event of agency delay. Under this authorization, the action can be brought as long as the targeted harm persists, that is, as long as the agency delays. Thus, the action expires only with passage

of the harm, not with passage of time. This is analogous to the equitable doctrine that, in some contexts, a statute of limitations does not run against a claim as long as the actionable harm continues. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380–81 (1982) (finding Fair Housing Act claim timely where alleged unlawful practice "continue[d] into the limitations period"); *see generally* Kyle Graham, *The Continuing Violations Doctrine*, 43 Gonz. L. Rev. 271 (2008) (explaining formulations, justifications, and applications of the doctrine).

Second, to the extent that actions under the kick-out provision need a separate limitations period, the provision itself provides a natural time limit. Such actions are timely only as long as the Secretary "has not issued a final decision." 49 U.S.C. § 20109(d)(3). Once the Secretary reaches a final decision, the employee's right to de novo review in district court expires. This literal time limit tracks rather than defeats Congress's remedy for delayed agency proceedings. The remedy ends when the need ends and not before.

Thus, no matter how one slices it, the Federal Railroad Safety Act's kick-out provision leaves no limitations gap for the catch-all limitations period to fill. Accordingly, the catch-all statute has no application here.

### C. No case authority applies the 28 U.S.C. § 1658 catch-all limitation to oust a district court action under 49 U.S.C. § 20109(d)(3).

BNSF Railway relies on three cases to support its theory that the catch-all statute of limitations applies to actions under the Federal Railroad Safety Act's kick-out provision. The first is *Gunderson v. BNSF Ry. Co.*, 29 F. Supp. 3d 1259 (D. Minn. 2014), in which the court noted in a footnote that the statute "may apply" to such actions. *Id.* at 1264 n.6. Consistent with that tentative observation, it turns out that the statute does not apply.

The second is *Jones v. Southpeak Interactive Corp. of Delaware*, 777 F.3d 658 (4th Cir. 2015). There, Jones alleged retaliation in violation of the Sarbanes-Oxley Act,

- 11 -

which contains an enforcement procedure and kick-out provision very similar to the one at issue here. It requires an employee to first file a complaint with the Secretary of Labor and then allows an "action" for "de novo review" in district court if the Secretary does not reach a final decision within a stated time (there, 180 days) and the delay is not due to the employee's bad faith. 18 U.S.C. §§ 1514A(b)(1)(A), (B). Jones filed a timely complaint with the Secretary and nearly three years later, while still waiting for a final decision, brought an action in district court for de novo review. 777 F.3d at 663–64.

BNSF Railway characterizes *Jones* as "holding" that the catch-all statute of limitations, 28 U.S.C. § 1658, applies to the Sarbanes-Oxley analogue to the Federal Railroad Safety Act's kick-out provision. That mischaracterizes the case, which has both a holding and dicta concerning § 1658. The litigated question was which subsection of the statute fit Jones's specific claim: the four-year general limitation in § 1658(a) or the two-year securities fraud limitation in § 1658(b)(1). Because the employee filed in district court after two years but under four years, to win under § 1658 the employer had to shoehorn that claim into a securities fraud claim. The court's precise holding was that the shoe did not fit. It was not a securities fraud claim, so § 1658(b)(1) could not bar the claim even if § 1658 in general governed Sarbanes-Oxley Act retaliation claims. The employee defeated the motion the easy way.

Indeed, the parties framed the question as whether § 1658(b)(1) applied. *See* Appellants' Opening Br., 2014 WL 1511197, at *2 (presenting question whether plaintiff's claims "'involve a claim of fraud' and [are] therefore subject to the two-year statute of limitations of 28 U.S.C. § 1658(b)(1)"); Appellee Br., 2014 WL 2115956, at *5 (presenting question whether "the four-year statute of limitations set forth at 28 U.S.C. § 1658(a) or the two-year statute of limitations set forth at 28 U.S.C. § 1658(b)(1)" applies).

The court treated the question as the parties posed it: whether the four-year limitation of § 1658(a) or the two-year limitation of § 1658(b)(1) applied, not whether

§ 1658 applied at all. The court began: "We first consider [the employer's] contention that the statute of limitations bars their action." 777 F.3d at 666. The court explained why § 1658(b)(1) did not apply. *Id.* at 666–68. The court's statement that § 1658(a) controls, if it means anything beyond a conclusion that that employee's claim was not a securities fraud claim within the description of § 1658(b)(1), is dictum on two levels. First, the facts of that case required no such holding because that case was undisputedly timely even under 28 U.S.C. § 1658(a). Second, the parties apparently agreed (mistakenly) that § 1658 in general applies and never argued that the express time limitation in the Sarbanes-Oxley Act oust § 1658 limitations. A stipulation of the parties in one case is not a binding precedent against other litigants in other cases. Finally, if somehow *Jones* did hold that § 1658 ousts claims that are timely under the Sarbanes-Oxley Act itself, it lacks essential analysis and is therefore unpersuasive. No one can fault the *Jones* court for its summary comment on a point the parties had stipulated away. The question does matter in this case and is sharply contested. We decide it afresh.

The third case on which BNSF Railway relies is *Ellis v. CommScope, Inc. of N. Carolina*, No. 3:07-CV-1938-G, 2008 WL 4191482 (N.D. Tex. Sept. 11, 2008). That case also dealt with an action under the Sarbanes-Oxley Act's kick-out provision. *Id.* at *4. But that case is unhelpful. The court there summarily applied § 1658(b) in the course of deciding a different question. *Id.* The court offered no analysis as to why § 1658(b) applied, much less any analysis as to why the broader statute, § 1658, applied. *Id.*

A more illuminating case is *Jordan v. Sprint Nextel Corp.*, 3 F. Supp. 3d 917 (D. Kan. 2014). There, as in *Jones* and *Ellis*, the employee filed a Sarbanes-Oxley retaliation complaint with the Secretary of Labor under 18 U.S.C. § 1514A(b)(1)(A) and years later brought an action for de novo review in federal court under § 1514A(b)(1)(B). *Id.* at 923–24. The court held that no part of the catch-all statute of limitations—neither § 1658(a) nor § 1658(b)—governed the timeliness of the employee's action in federal

- 13 -

court. *Id.* at 925–28. The court reasoned that the catch-all statute applies "except as otherwise provided by law," *id.* at 928 (quoting 28 U.S.C. § 1658(a)), and the Sarbanes-Oxley Act already provides a specific limitations period in which retaliation claims must be filed with the Secretary, *id.* (referring to 18 U.S.C. § 1514A(b)(2)(D)). That analysis is more persuasive here.

IT IS THEREFORE ORDERED that Defendant BNSF Railway's Motion to Dismiss (Doc. 9) is denied.

Dated this 13th day of May, 2016.

                              Neil V. Wake
                             United States District Judge