**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Despain, | No. CV-15-08294-PCT-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| BNSF Railway Company, | |
| Defendant. | |

Before the Court are Plaintiff's Motions *In Limine* Nos. 1-8 (Doc. 97) and the Response (Doc. 110.) Also before the Court are Defendant's Motions *In Limine* Nos. 1-15 (Doc. 98) and the Response (Doc. 112.) The rulings, where they can be made at this stage of the proceedings, are as follows.

**Plaintiff's Motions *In Limine* Nos. 1-8**

No. 1. The Public Law Board award is excluded as evidence that Plaintiff was untruthful, except as it may be admissible on punitive damages, which is reserved for decision at trial. The finding merely concluded there was evidence, not that Plaintiff was untruthful. Like the preliminary findings in these OSHA proceedings on de novo review, the PLB finding has no legal effect in this proceeding and is just a third person's opinion about some of the matters committed to the jury's decision. It does not matter what other people think on those questions. Defendant's concern about "completeness" can be met with an instruction that does not include the prejudicial and irrelevant (to the jury's task) opinion about evidence about untruthfulness. The Motion is granted.

No. 2. Whether Plaintiff's termination was retaliatory, pretextual, or even

reasonable is grounded in the evidence and circumstances of this case. The "comparator" opinions of Ms. Maglisceau will be excluded for multiple reasons. First, the evidence is not focused on the only probative comparators, workers who were terminated for untruthfulness in reporting a safety problem. She encompasses anyone who was disciplined within six months of an injury, not just terminated, for any violation, including untruthfulness, in Plaintiff's division. Her separate data for workers dismissed for untruthful conduct is not connected to untruthfulness in making the injury claim.

These data do not meet the tests of helpfulness to the jury and reliability in the circumstances of this inquiry. They will greatly multiply the proceedings with dissimilar cases with an unwarranted appearance of statistical value, expanding the trial to numerous other dissimilar cases. Maglisceau does not offer any specific comparator as to the nature and circumstances of the alleged untruthfulness in connection with the injury/safety report itself with similar discipline. In this case the Court is familiar with the weakness of the evidence of alleged untruthfulness from the proceedings on summary judgment, and a true comparator should have similarity to those circumstances. A true comparator may well be admissible, but none is offered. The Motion is granted.

No. 3. If there is proper foundation for the exhibit, the train sheet is relevant and admissible, and the motion to exclude it is denied. Defendant may attempt to show that error in Plaintiff's recollection and report was lying, and Plaintiff may attempt to show that, if mistaken, it was unintentional, inconsequential, and suggestive of retaliation to terminate Plaintiff for that.

No. 4. Defendant offers its Code of Conduct with its prohibition of retaliation only as to punitive damages. The Code of Conduct is admissible for that purpose. Contrary to Defendant's suggestion, it does not insulate Defendant from liability for punitive damages. The Motion to exclude is denied.

No. 5. Defendant's Workplace Harassment Policy is not relevant and is excluded. To the extent that Policy also mentions non-retaliation, it is about retaliation concerning employment discrimination, not retaliation concerning safety. If it has any arguable

reference to safety retaliation, is it also excluded as cumulative.  The Motion to exclude is granted.

No. 6.  Evidence of the amount of Plaintiff's pension is inadmissible as irrelevant and alternatively as collateral source.  It will be excluded, but not the fact the Plaintiff is in retirement and on pension.  This will be managed at trial in the admission of evidence of what damages Plaintiff is entitled to.  Plaintiff will not suggest that his emotional suffering is affected by lack of retirement income.  That would open the door.

No. 7.  Evidence of Plaintiff's prior work injuries is irrelevant and will be excluded.  Plaintiff does not contend the Defendant retaliates against workers for every injury, so Defendant does not need to rebut that.  Such evidence would also fail the test of Rule 403, as it would be very confusing as to the issues and a waste of time.

No. 8.  Plaintiff may try to prove damages and that he adequately mitigated damages.  It cannot be known in advance of trial whether he will do so.  The motion does not address Defendant's vocational expert's testimony.  Whether the evidence is sufficient to excuse mitigation of damages or sufficient to allow a finding of mitigation cannot be determined until the close of evidence.  Plaintiff's Motion No. 8 to exclude evidence and argument of failure to mitigate damages is denied.

**Defendant's Motions *In Limine* Nos. 1-15**

No. 1.  Plaintiff does not oppose the motion, and Defendant's motion to exclude the preliminary OSHA finds is granted.

No. 2.  Defendant's motion to exclude argument and evidence that Plaintiff was dishonest is denied.  The jury instructions will address what Plaintiff may or must prove.  But Plaintiff may argue and present evidence that he was truthful, that Defendant knew or believed he was truthful, that a contrary conclusion was unreasonable, that any error was not intentional, and that any error was so unreasonable or insignificant as to exclude an inference of lying and sufficient to support an inference of retaliation in any event.

In this objection as in others, Defendant does not say what specifically Plaintiff was found to be lying about—the injury, the timing of his trip and of the injury, his

medical treatment, the advice of his medical providers, or other details. Rather, Defendant sweeps everything into unarticulated untruthfulness, though the reasonableness, believability, and accuracy of such conclusions would vary.

No. 3. Evidence of retaliatory motive or conduct by persons who recommended the termination is admissible. The responsibility of Defendant's decision-makers is not absolved because someone agreed with the decision or recommended it. But retaliatory motive of a recommender is relevant and admissible even if conjoined with a personal grudge. Plaintiff is not prohibited from trying to prove that. Cat's paw retaliation taints later decision-makers' reliance on the recommendation. The motion will be denied.

No. 4. The motion concerning "evidence not available to the decision makers" is too vague and general to be considered in advance of trial. It is not clear what such a ruling in advance of trial would mean. Plaintiff does not suggest evidence that might warrant prohibition. The motion is denied at this time.

No. 5. Mr. Cunningham may testify to facts within his knowledge, such as that Plaintiff's report broke an "injury free streak" in his division. But he may not opine that that was the motive for Plaintiff's termination. The jury can weigh the persuasiveness of that inference without need for help from Mr. Cunningham. That is not the kind of lay opinion permitted by Rule 701. The motion is granted as to opinion of Mr. Cunningham.

No. 6. Evidence and argument that Plaintiff would not lie because of his religion is excluded as irrelevant, highly prejudicial, and confusing. The Motion to exclude is granted.

Nos. 7 and 8. Evidence of other claims and settlements, including the OSHA Accord, is not probative of intent or motive, and the existence of other claims is not relevant. The settlements are not admissions and would be confusing, unfairly prejudicial, and a waste of time under Rule 403. They are also propensity evidence, and disputed propensity evidence at that, and no exception allowing admission under Rule 404(b) has been suggested. However, because of the general, non-specific nature of the objection, it cannot be decided in every possible particular before trial. If Ms.

Maglisceau's testimony and charts were admitted, it would open the door to specific proof of other retaliation claims. The motions are denied at this time.

No. 9. Defendant's contention and Plaintiff's response are not explained well enough to resolve on these briefs. The motion may be renewed at trial. It is denied at this time.

No. 10. Plaintiff does not offer any relevance for OSHA and FRSA claims statistics, and they are not relevant. The motion is granted. The Court does not foreclose such evidence as relevant rebuttal.

No. 11. Legislative history and intent is inadmissible and will be excluded. The Court will instruct the jury on the applicable law.

No. 12. The timing, similarity, actors, and circumstances of other acts of retaliation will determine whether they are admissible in this trial. The motion to exclude them is denied at this time. If offered, they should first be presented out of the hearing of the jury to determine if they are admissible.

No. 13. It is efficient to seek pre-trial determination of permissible argument where it is feasible to do so. Plaintiff is precluded from arguing "delay of justice" since it was inherent in the OSHA process or brought on by Plaintiff's last-minute election of de novo review.

No. 14. Financial condition is relevant to punitive damages if the trial proceeds that far. The financial condition of a shareholder of a corporation is not. The trial will be managed in such a way that financial condition evidence will not be admitted until after Plaintiff has made a sufficient showing of punitive damages. Evidence of the financial condition of Mr. Buffet is excluded. The motion is otherwise denied at this time.

No. 15. The motion to exclude evidence of back pay damages is not a motion in limine. It is an unacknowledged motion for partial summary judgment. As such, it is denied. The time to assess the sufficiency of the evidence is at the close of the evidence, not before the beginning of the trial, regardless of who has the burden of proof.

IT IS THEREFORE ORDERED that Plaintiff's Motions *In Limine* Nos. 1, 2, 5, 6

and 7 (Doc. 97.) are granted.

IT IS FURTHER ORDERED that Plaintiff's Motions *In Limine* Nos. 3, 4, and 8 (Doc. 97.) are denied.

IT IS FURTHER ORDERED that Defendant's Motions *In Limine* Nos. 1, 5 (as to Mr. Cunningham's opinion), 6, 10, 11, 13, and 14 (as to the financial condition of Mr. Buffet) (Doc. 98) are granted.

IT IS FURTHER ORDERED that Defendant's Motions *In Limine* Nos. 2, 3, 5 (as to Mr. Cunningham's facts), and 15 (Doc. 98) are denied.

IT IS FURTHER ORDERED that Defendant's Motions *In Limine* Nos. 4, 7, 8, 9, 12, and 14 (Doc. 98) are denied at this time.

Dated this 30th day of May, 2018.

_____
Neil V. Wake
Senior United States District Judge

- 6 -